UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAOS PROCTOR, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>WORTHINGTON CYLINDER CORPORATION, et al.,<br><br>    Defendants. | Case No. 19-cv-08409-EMC<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND**<br><br>Docket No. 12 |

Plaintiffs are Taos Proctor and Kelly Proctor, husband and wife. They have filed suit against the following companies: (1) Worthington Cylinder Corp.; (2) The Coleman Company, Inc.; (3) Walmart Inc.; and (4) Dignity Health. They have sued the first three companies (collectively, the "Product Defendants") because Mr. Proctor was injured after using a propane cylinder and torch manufactured, distributed, and/or sold by one or more of the companies. In addition, Mr. Proctor has asserted a claim against Dignity Health based on the allegation that it negligently treated him for the injuries that he sustained, thereby engaging in medical malpractice.

The Proctors initiated the instant case in state court in January 2019. The Product Defendants removed the case to federal court in December 2019 (*i.e.*, almost a year later). According to the Product Defendants, this Court has diversity jurisdiction over the case once the citizenship of Dignity Health – who has been fraudulently joined – is ignored. Currently pending before the Court is the Proctors' motion to remand.

The Court held a hearing on the motion to remand on March 6, 2020. This order memorializes the Court's oral ruling at the hearing and provides additional analysis, as necessary.

Ordinarily, a defendant has thirty days to remove after getting a copy of the plaintiff's

complaint. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."). However, there is an exception:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

*Id.* § 1446(b)(3) (emphasis added).

In the instant case, the Product Defendants claim that their removal of the case in December 2019 was timely based on § 1446(b)(3). According to the Product Defendants, they did not know, nor should they have known, that Dignity Health was fraudulently joined at the outset of the case. Only as litigation continued did it appear that the Proctors did not intend to prosecute the claim against Dignity Health[1] – for example, when the Proctors did not serve any discovery

---

[1] The Ninth Circuit does not appear to have recognized (at least as of yet) this specific theory of fraudulent joinder – *i.e.*, where the plaintiff has no real/actual intention to prosecute the case against the nondiverse defendant. The Third Circuit has recognized this as a basis for fraudulent joinder. *See Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (stating that "joinder is fraudulent 'where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment'"). So too have several California district courts (relying primarily on *Boyer*). *See, e.g.*, *Osorio v. Wells Fargo Bank*, No. C 12-02645 RS, 2012 U.S. Dist. LEXIS 78073, at *5 (N.D. Cal. June 5, 2012) (indicating that joinder is fraudulent if "plaintiff has no actual intention to prosecute an action against [that] particular resident defendant"; citing Third Circuit's *Boyer* case) (internal quotation marks omitted); *Diaz v. Allstate Ins. Grp.*, 185 F.R.D. 581, 586 (C.D. Cal. 1998) (stating that a joinder is fraudulent "if the plaintiff has no actual intention to prosecute an action against those particular resident defendants"; citing Third Circuit's *Boyer* case) (emphasis omitted); *Koutney v. Exxon Corp.*, C 93-20899 RMW, 1994 U.S. Dist. LEXIS 6702, at *10 (N.D. Cal. Apr. 26, 1994) (stating that "[j]oinder is fraudulent 'where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment'"; quoting Third Circuit's *Boyer* case). However, not all courts are in agreement. *See, e.g.*, *Kyle v. Envoy Mortg., LLC*, No. 18-cv-2396-BAS-WVG, 2018 U.S. Dist. LEXIS 212199, at *6 (S.D. Cal. Dec. 17, 2018) (stating that "[t]he more appropriate focus of the Court's fraudulent joinder inquiry is on Kyle's claims against Limon, not Envoy's speculation about Kyle's intent to prosecute [her claims against Limon;] [f]raudulent joinder does not require a finding of fraudulent intent, rather fraudulent joinder is deemed to exist if, whatever the plaintiff's subjective motive, the claim against the in-state defendant has no chance of success"); *Verduzco v. Ford Motor Co.*, No. 1:13-CV-01437-LJO-BAM, 2013 U.S. Dist. LEXIS 163143, at *11-13 n.6 (E.D. Cal. Nov. 15, 2013) (noting that "Ford also argues that the F&Rs [Findings & Recommendations] ignored evidence that Plaintiff had no real intention in good faith to prosecute this action against Heritage," but "[i]t is Ford that ignores the text of the F&Rs, which did no such

2

requests on Dignity Health (even after some eleven months) and when the Proctors did not insist on the presence of Dignity Health at a mediation.[2] The Product Defendants maintain, however, that they had no actual basis to remove until an "other paper" was provided that started a new 30-day clock under § 1446(b)(3). According to the Product Defendants, that "other paper" was provided when they were given notice (in November 2019) that Dignity Health had extended a 998 Offer of Compromise to the Proctors. The offer "was for a waiver of costs in exchange for a dismissal with prejudice." Ergo Decl. ¶ 6. In response, the Proctors suggest that the additional 30-day period under § 1446(b)(3) may be triggered if there is non-written notice of a basis for removal, and that, according to the Product Defendants' own argument, they had such notice by August 21, 2019, when counsel for the Proctors allegedly agreed not to involve Dignity Health in mediation. The Proctors' position, however, is problematic in that § 1446(b)(3) expressly requires a writing – a pleading or "other paper."[3]

---

thing[;] [t]he F&Rs concluded, correctly, that intent is not relevant to the fraudulent joinder inquiry in the Ninth Circuit"); *see also Willard v. UPS*, 413 F. Supp. 2d 593, 599 (M.D.N.C. 2005) (stating that "the Fourth Circuit would seem to reject using a plaintiff's expressed subjective intention alone as a ground for a finding of fraudulent joinder[;] [d]efendants must also show the absence of a basis for a claim"). For the reasons stated herein, the Court need not resolve that issue.

[2] For purposes of this order, the Court assumes that the Product Defendants did not violate any legal or ethical rules by disclosing the conversation between the Products Defendants and the Proctors about the need for Dignity Health to attend the mediation.

[3] The Court acknowledges that "paper," for purposes of § 1446(b)(3), has been held by some courts (including the Ninth Circuit) to cover oral statements, but only in very limited circumstances such as where there is a record of the statement. *See, e.g.*, *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 887 (9th Cir. 2010) (stating that, "[l]ike a response to interrogatories, a plaintiff[']s response to deposition questions can constitute 'other paper' within the meaning of section 1446(b)"); *PSC Indus. Outsourcing, LP v. Burlington Ins. Co.*, No. 10-00751 ACK-BMK, 2011 U.S. Dist. LEXIS 50223, at *21-22 (D. Haw. May 10, 2011) (in reliance on *Carvalho*, concluding that "the Ninth Circuit would conclude that a court's oral ruling triggers § 1446(b)'s removal period where it allows a defendant to 'reasonably determine for the first time that' the case is removable"). But other courts disagree. *See Morgan v. Huntington Ingalls*, 879 F.3d 602, 609 (5th Cir. 2018) (stating that "[t]he plain meaning of each of these words [*e.g.*, 'receive,' 'copy,' and 'paper'] suggests that the information giving notice of removal must be contained in a writing"; therefore, oral testimony given at a deposition cannot be an "other paper" for purposes of § 1446(b)(3)); *Mackinnon v. IMVU, Inc.*, No. C 11-4840 PJH, 2012 U.S. Dist. LEXIS 3430, at *2-3, 5 (N.D. Cal. Jan. 11, 2012) (holding that "an in-court, off the record oral statement purportedly made by plaintiff's counsel at a September 27, 2011 discovery conference" was not an "other paper" because, "by its express terms, section 1446(b) does not apply to oral statements"; adding that "the parties dispute the content of the oral statement"). Requiring a writing (at least outside of the specific exception contemplated by *Carvalho* and its progeny) makes sense. Otherwise highly

3

That being said, the Court also rejects the Product Defendants' argument that the 998 Offer constitutes an "other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Even if Dignity Health did not view Mr. Proctor as having a claim of value (thus offering only "a waiver of costs, in exchange for a dismissal with prejudice," Ergo Decl. ¶ 6), Dignity Health's views as embodied in an opening settlement offer has little if any probative value: it sheds little light on whether the *Proctors* intended to prosecute the claim against Dignity Health.

At the hearing, the Product Defendants argued that the 998 Offer should be deemed an "other paper" when it is taken in context with the Proctors' failure to conduct discovery and their agreement that Dignity Health need not attend a mediation. But the fact remains that the 998 Offer says nothing about what the Proctors intended; the 998 Offer added nothing to the Product Defendants' ascertainment that the case was removable. Thus, ultimately, the Product Defendants are basing their removal on the Proctors' conduct and statements, and not any "paper."

Accordingly, the Proctors' motion to remand is hereby **GRANTED**. However, the Proctors' request for fees pursuant to 28 U.S.C. § 1447(c) is denied.

The Clerk of the Court is directed to remand the case back to state court and close the file in this case.

This order disposes of Docket No. 12.

**IT IS SO ORDERED**.

Dated: March 10, 2020

_____
EDWARD M. CHEN
United States District Judge

---

factual issues about the accuracy of an alleged oral representation or the intent and understanding of the parties in regard thereto could be implicated on motions to remand and require, *e.g.*, an evidentiary hearing; remand motions have traditionally been based on legal assessments, not adjudication of disputed facts.

4